UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
CASEY ROTH,                        )
                                   )
                 Plaintiff,        )   No. C05-1322RSL
                                   )
        v.                         )
                                   )   ORDER GRANTING DEFENDANT'S
TULLY'S COFFEE CORPORATION,        )   MOTION TO AMEND ANSWER
a Washington corporation, and PREMERA )   AND AFFIRMATIVE DEFENSES
BLUE CROSS, a Washington corporation, )
                                   )
                 Defendants.       )
_____)

This matter comes before the Court on defendant Tully's Coffee Corporation's ("Tully's") "Motion to Amend Answer and Affirmative Defenses" (Dkt. #28) to add an affirmative defense that plaintiff was terminated for gross misconduct. The Court held a hearing on the motion on September 29, 2006 and heard from counsel for plaintiff and defendant Tully's.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). There is, therefore, a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). "These factors, however, are not of equal weight." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "Prejudice is the touchstone of the inquiry under rule 15(a)." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d

ORDER GRANTING DEFENDANT'S
MOTION TO AMEND ANSWER AND
AFFIRMATIVE DEFENSES

1048, 1052 (9th Cir. 2003) (internal quotation omitted).

Having considered the papers submitted by the parties[1] and the argument of counsel, the Court finds that there is no evidence of undue delay, bad faith, or prejudice and plaintiff has not shown that the amendment would be futile. In particular, there is no prejudice here given the Court's order granting a six-month amendment of the case schedule. See Dkt. #62 and #64.

For all the foregoing reasons, defendant's motion to amend its answer and affirmative defenses (Dkt. #28) is GRANTED. Defendant Tully's shall file and serve within ten days of the date of this Order a signed amended answer and affirmative defenses substantially in the form of Exhibit 1 to the Declaration of David W. Silke (Dkt. #29). The Court DENIES defendant's request in its Surreply (Dkt. #50) for attorney's fees incurred in responding to the Fifth Declaration of John Barton.

DATED this 3rd day of October, 2006.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[1] The Court has not considered the Fourth Declaration of John Barton (Dkt. #37) or the Fifth Declaration of John Barton (Dkt. #42) because they were submitted after the CR 7(d)(2) deadline for filing materials in opposition to the motion. The Court cautions counsel to follow the deadlines set forth in the Local Rules.

Defendant's request to "strike and disregard all unsupported statements and documents" does not state with particularity which of the "countless inadmissible, hearsay, and unsupported factual assertions . . . should be stricken." See Reply at 1, 2. Therefore, the Court has not considered defendant's request. In any event, defendant's request is not outcome determinative for purposes of its motion.

ORDER GRANTING DEFENDANT'S
MOTION TO AMEND ANSWER AND
AFFIRMATIVE DEFENSES                    -2-